# IRVINE v. McKEON.

SECTION 14 of the general Corporation Law of April 22d, 1850, making the directors of a corporation jointly and severally liable for the excess of the debts of the corporation, over and above the amount of capital stock actually paid in, being a statute creating a forfeiture, or imposing a penalty, is to be strictly construed.

The parties to a deed are not estopped by the consideration expressed in it, from showing what the real consideration was.

In an action brought against one of the directors of a corporation, under Sec. 14, above referred to, it is necessary for the plaintiff to prove that defendant was a director when the debt was created, and was present at the meeting of the board when the same was passed upon.

APPEAL from the District Court, Sixteenth Judicial District, Calaveras County.

The plaintiff, in this case, was a judgment creditor of the corporation. The corporation had not been dissolved before the commencement of this action, by any proceeding under the statute; but its property had all been sold under execution about two years before the commencement of this action, and from that time it had ceased to hold meetings, elect officers, or perform any act in its corporate capacity. The Court, in its opinion, has not found it necessary to pass upon the question of its dissolution; but as the brief of appellant's counsel discusses the question, some portion of it is inserted.

*John G. Hyer*, for Appellant.

It is one of the most patent rules of interpretation, one too patent to need fortification with authorities, that when a statute makes a certain class of persons liable, under a given state of facts, and then states certain exceptions to the general rule, that a person who is *prima facie* liable as within the rule, if he desires to show that he is within the exception, must allege and prove such facts as will bring him within it. The only question upon which there can be any doubt, is as to the dissolution of the corporation. But under the state of facts shown: the property of the corporation being all sold out in 1859 at forced sale, they have held no election of officers or trustees since June, 1858; have performed no corporate

act, done nothing whatever since September, 1858; have been regarded and have themselves regarded the corporation as dissolved, and treated it so.   We contend that it makes no difference whether there had been any actual formal dissolution of the corporation or not; that the contingency has happened upon which, in the contemplation of the statute, the liability of the trustees to the creditors of the corporation should attach, for the excess of the debts of the corporation above the amount of the capital stock actually paid in. In Angell & Ames on Corporations, Chap. "Dissolutions," etc., 740–741, 3d Ed., the following argument is used: "But if a corporation suffer acts to be done which destroy the end and objects for which it was instituted, it is equivalent to a surrender of its rights. This doctrine has been maintained and applied by the Courts of New York, in the construction of the statute of that State concerning manufacturing corporations, which provides that for all debts due and owing by the company at the time of its dissolution, the persons then composing such company shall be held individually responsible to the extent of their respective shares of stock, and no further.   Under this statute, if a corporation being indebted, suffer all its property to be sacrificed, and the trustees actually relinquish their trust, and omit the annual elections, and do no one act manifesting an intention to resume their corporate functions, the Courts may, for the sake of remedy against individual members, and in favor of creditors, presume a virtual surrender of the corporate rights, and a dissolution of the corporation.   And an election of trustees, made after insolvency of the company, for the mere purpose of keeping it in existence, will not prevent such dissolution. In these cases, the Courts of New York did not decide that the companies had lost all their rights; but, that even if they had a right to reorganize themselves, the case had happened in which, with regard to their creditors, they were dissolved."

In this case, the same doctrine is sought to be applied (that is, on the hypothesis that the corporation is not dissolved) to enforce the statutory liability of the trustees, as was applied in New York (see the cases cited in notes to the above quotations) to the liabilities of stockholders upon dissolution.   That the doctrine there laid down is correct in principle, will appear from the consideration,

that if it were not so, a set of trustees could run a corporation into debt far above the amount of capital stock paid in—the statutory limit of their capacity to contract—and then by keeping up a show of corporate existence, prevent the attachment of the personal and individual liability. The law favors no such factitious theories. It says, in the event of dissolution, the trustees shall be liable for the excess of debts above the amount of capital stock actually paid in.

*Dudley & Adams*, for Respondents.

[No brief on file.]

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the plaintiff, as a creditor of a corporation called "The Murray Creek Quartz Mining Company," against the defendant as trustee of said company, on the ground that the debts of the company exceeded its capital stock actually paid in. The case was tried by a jury, who found for the defendant, and from the judgment rendered thereon the plaintiff appeals.

This action is founded upon Sec. 14 of the general Corporation Law of April 22d, 1850 (Wood's Dig. 116), which is as follows: "The total amount of the debts which any incorporate company shall owe, shall not at any time exceed the amount of the capital stock actually paid in; and in case of any excess, the directors, under whose administration the same may have happened, except those who may have caused their dissent therefrom to be entered at large on the minutes of the said directors at the time, and except those who were not present when the same did happen, shall, in their individual and private capacities, jointly and severally, be liable for such excess to the said corporation; and in the event of its dissolution, to any of the creditors thereof, to the full amount of such excess, with legal interest from the time such liability accrued; and no statute of limitation shall be a bar to any suit against such directors for any sum of money for which they are made liable by this section. This statute provides for making one person individually liable for the debts of another, and prescribes how and under what circumstances he shall be held thus liable. Like other stat-

Irvine *v.* McKeon.

utes which create a forfeiture or impose a penalty, it is to be strictly construed; and every intendment and presumption is in favor of the defendant in such cases. He is to be held liable only on full and strict proof of all the facts by the statute made essential to create the liability.

The evidence as to the "amount of capital stock paid in" was that a quartz mill and lode was put in, worth from $6,000 to $8,000, and that McKeon put in $1,095, and that the debts of the company, when it ceased to do business, amounted to $9,084. These facts would not be sufficient to show that the debts exceeded the amount of the capital paid in. There is no evidence that this was *all* the capital stock paid in, and that fact is not to be presumed. But it is urged that as the deed from the former owners of the mill and lode to the corporation expressed a consideration of only twelve dollars, therefore that is to be considered the amount paid in, instead of the real value of the property. We do not agree with the appellant on this point. The grantors in that deed were the members of the new corporation, and they evidently did not deem it important to insert the full value of the property as the consideration. The real consideration of a conveyance of property may always be inquired into, and the parties are not estopped by the deed from showing it. The value of the property thus conveyed was to be deemed as so much "capital stock actually paid in."

It was necessary for the plaintiff to prove also that these debts were contracted under the administration of the defendant, as one of the directors or trustees of the corporation, and that he was "present when the same did happen;" for "those who were not present when the same did happen" are expressly excepted from the liability imposed by the statute. In this case, there was no evidence whatever upon this material point. The verdict of the jury was therefore clearly in accordance with the law and evidence.

The judgment is therefore affirmed.