[Civ. No. 4304.    First Appellate District, Division Two.—December 29,
1922.]

JUDSON MANUFACTURING COMPANY (a Corpora-
tion), et al., Appellants, v. A. C. WYCKOFF et al,
Executors, etc., Respondents.

[1]    CORPORATIONS — CREATION OF UNAUTHORIZED INDEBTEDNESS — LIA-
BILITY OF DIRECTOR ELECTED AT MEETING.—A director of a cor-
poration elected at a special meeting of the board of directors
cannot be held liable under section 309 of the Civil Code for an
indebtedness created in excess of the amount of the subscribed

capital stock, where the resolution creating the indebtedness was passed before such election, although he was present at the meeting.

[2] ID. — RECOVERY AGAINST DIRECTOR — ESSENTIAL.—The mere fact that an indebtedness of a corporation in excess of the amount of the subscribed capital stock was created during the time that an individual was a director is not sufficient to warrant a recovery against him, but it is also necessary to prove that he was present when the indebtedness was created.

[3] ID.—CONSTRUCTION OF SECTION 309, CIVIL CODE.—Section 309 of the Civil Code, while remedial in so far as the creditors of a corporation are concerned, is penal in its nature when considered from the standpoint of the directors, and its provisions are to be strictly construed.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Elbert W. Davis, J. Raegen Talbot and J. O. Davis for Appellants.

Elston, Clark & Nichols for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiffs from a judgment against them in an action brought under section 309 of the Civil Code. Plaintiffs are creditors of the Keystone Construction Company and seek to charge the defendants' testator with liability for the indebtedness of the said company, which indebtedness, it is alleged, is over and above the amount of its subscribed capital stock, and was incurred while defendants' testator was a director of said corporation. The action was originally brought against J. A. Elston in his lifetime, but upon suggestion of his death, the executors of his last will and testament were duly substituted as defendants in his place and stead.

The following facts were stipulated and agreed to as evidence in the case: At all times herein mentioned, down to 1912, the Keystone Construction Company was a corporation duly organized and existing under the laws of this state, with a total authorized capital stock of $25,000, divided into 250 shares of the par value of one hundred dollars each, fully subscribed and issued at the times mentioned. On

March 31, 1911, W. A. Hackley, P. B. Hackley and R. C. Hackley were the owners of all of the capital stock of said company. On said last-named date there was held a special meeting of the board of directors of said corporation. The minutes of said meeting recite that there were present W. A. Hackley, P. B. Hackley, and R. C. Hackley. By resolution Guy Hyde Chick was employed as general manager of the corporation, such employment to continue until the completion of certain outstanding contracts which the company had entered into. By resolution duly carried the three Hackleys were then employed to act as superintendents in the construction work being carried on by the company, and the president was authorized to borrow, from time to time, from the First National Bank of Berkeley such amounts of money for the use of the company as he might deem necessary, such loans not to exceed the aggregate sum of $10,000. Thereupon P. B. Hackley tendered his resignation as a director and vice-president of the corporation, which was accepted, and J. A. Elston was, thereupon, unanimously elected director and vice-president. Mr. Elston, thereupon, took his place as a member of the board and the meeting continued. R. C. Hackley tendered his resignation as director and secretary of the corporation, which resignation was accepted and R. R. Smith was elected to serve in his place. Thereupon the following resolution was unanimously adopted: "Resolved that all checks and drafts executed by or in favor of this corporation, be signed by the president, W. A. Hackley and countersigned by the secretary R. R. Smith or Guy Hyde Chick." The meeting then adjourned. At the time of said meeting (March 31, 1911), the debts of the Keystone Construction Company amounted to approximately $105,587.95. Between April 1, 1911, and September 8, 1911, Guy Hyde Chick, acting in his capacity as manager of said corporation, incurred debts amounting to $66,757.27. The details of this indebtedness are immaterial under our view of the rights of the parties.

[1] The only resolution of the directors authorizing the borrowing of money which was introduced in evidence was one which was carried before the election of J. A. Elston as a director of the corporation. [2] The mere fact that an indebtedness in excess of the amount of the subscribed capital stock was created during the time that J. A. Elston was

a director is not sufficient to warrant a recovery against him. It is also necessary to prove that he was present when the indebtedness was created. This burden has not been sustained by the plaintiff. In the case of *Irvine* v. *McKeon,* 23 Cal. 475, it was said, in considering a similar question: "It was necessary for the plaintiff to prove also that these debts were contracted under the administration of the defendant, as one of the directors or trustees of the corporation, and that he was 'present when the same did happen'; for those who were not present when the same did happen are expressly excepted from the liability imposed by the statute. In this case there was no evidence whatever upon this material point."

In the case of *Moss* v. *Smith,* 171 Cal. 777 [150 Pac. 90], the case of *Irvine* v. *McKeon, supra,* was expressly approved, and attention was called to the numerous cases in accord therewith.

[3] Section 309 of the Civil Code, while remedial in so far as the creditors are concerned, is penal in its nature when considered from the standpoint of the directors (*Moss* v. *Smith, supra*), and its provisions are to be strictly construed. In the present case there is an entire absence of any evidence to show that J. A. Elston was present as a director at the time of the creation of the debts of which complaint is made. Appellant relies upon the evidence in the record that Elston was present at the meeting of March 31, 1911, at which he was elected a director, and that before his election as such director, a resolution was passed empowering the president to borrow money from the bank. Obviously, this cannot strengthen the case of plaintiff. Elston was not a director at the time this resolution to borrow money was passed and his presence at the meeting was without significance. Not being a director, he had no power to control in any way the actions of the corporation, and he was under no obligation to enter his dissent to a proceeding which in no way concerned him at that time.

The trial court has found that Elston did not, "either as a director of the Keystone Construction Company or otherwise, create, or act with any one else in creating, any indebtedness of the Keystone Construction Company, nor did any one else ever create or authorize the creation of any indebtedness of said company on any occasion when he was

both present and an officer of said company." This finding, we think, is sustained by the evidence and compels the judgment which was entered for the defendants.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1923.

All the Justices concurred.