[Civ. No. 6915. First Appellate District, Division Two.—February 19, 1930.]

THE PEOPLE, Appellant, v. PRISCILLA A. OSGOOD, as Executrix, etc., et al., Respondents.

Earl Warren, District Attorney, and James H. Oakley, Deputy District Attorney, for Appellant.

Donahue, Hynes & Hamlin for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment against the defendants as the representatives of two decedents who had executed a bail bond in a criminal case. The plaintiff pleaded its claim in two separate counts. In one count it pleaded that it had presented its claim to the defendant executrices. In the other count it omitted all allegations regarding presentation. The defendants demurred to each count, both generally and specifically. The demurrers were

sustained and from a judgment entered thereon the plaintiff has appealed.

The plaintiff does not assert that the claims were presented within the times specified in section 1491 of the Code of Civil Procedure, but the plaintiff contends that the statute on the subject of times for the presentation of claims against the estate of deceased persons does not expressly include the state and therefore the state is not included. The defendants contend that the statute is written in such broad language that it applies to all persons, both natural and artificial, including the state.

Before we turn to the particular sections of the Code of Civil Procedure it is very necessary to construe the general body of the laws of which those sections are a part. That it is not the policy of this commonwealth not to be bound by any statute of limitations is made clear by certain enactments which date back to the first session of the state legislature. (Code Civ. Proc., secs. 315, 317, 345.) Moreover, it is the policy of this commonwealth that it will, even when it consents to be sued, claim the protection of certain statutes of limitation. (Stats. 1893, chap. 45; Stats. 1929, chap. 516.) As said in *People* v. *Kings County Dev. Co.,* 48 Cal. App. 72, 75 [191 Pac. 1004, 1005]: ''The general legislative policy of California is that the state shall be bound by its statute of limitations with respect to the bringing of actions for the enforcement of any and all such rights as may accrue to the state.'' There is another proposition that is equally well settled. ''As a general rule subject to certain exceptions in matters touching the sovereignty of the state, when a state, as plaintiff, voluntarily comes into court and invokes its aid, she is bound by all the rules established for the administration of justice between individuals and the suit is governed by the same rules as private suits. . . . The pleadings in an action by the state are in general governed by the ordinary rules of pleading. Thus the declaration or complaint must set forth such facts as constitute a cause of action or it will be demurrable. . . . '' (36 Cyc. 907, 909.)

If during the life of the decedents the bail bond had been forfeited and the action had been commenced, there is not a doubt but what under a certain set of facts the decedents would have been entitled to plead the statute of limitations.

(Code Civ. Proc., sec. 340.) On the death of the decedents it became the duty of their representatives to proceed at once with the administration of the estates and complete the administration as speedily as possible and in this behalf to ask for the presentation of all claims arising upon contracts, whether the same be due, not due, or contingent, and, after liquidating the claims and after a full settlement of the affairs of the estate had been effected, to obtain a decree distributing the estate to those entitled thereto. If, however, the contention of the plaintiff is sound, then it is possible for the plaintiff by reason of its delays and laches to indefinitely delay the settlement of estates or to request that the probate proceedings be opened and additional proceedings be had even after the estate has been distributed. If such is the law we may reasonably expect to find clear expressions on the subject. In the case of *State* v. *Certain Lands in Redwood County*, 40 Minn. 512 [42 N. W. 473], an analogous controversy was before the court. On page 478 (of 42 N. W.) the court said: "It is elementary that time never runs against the state unless there is an express provision or necessary implication to that effect; but our statute provides 'that the limitations prescribed for the commencement of action shall apply to the same actions when brought in the name of the state or in the name of any officer, or otherwise for the benefit of the state, in the same manner as to actions brought by citizens. . . . ' The legislature having adopted the policy of making the statutes of limitation applicable to the state, we ought to give them as liberal construction against the state as against citizens."

■ Claims against the estates of deceased persons are provided for in the Code of Civil Procedure, sections 1490–1514. Section 1500 provides: "No *holder* of any claim against an estate shall maintain any action thereon, unless the claim is first filed with the clerk, or presented to the executor or administrator. . . . " The language is very broad and when read in connection with the rest of the statutes germane to the subject it may not be said that the state is not expressly included.

The point has never been directly ruled upon in this state. In the state of Washington the statutes are very much the same as ours. The point was before the court in *State* v.

*Evans,* 143 Wash. 449 [53 A. L. R. 564, 255 Pac. 1035]. It was held that the language of the statutes included the state. A similar ruling was made in *State* v. *Crutcher's Admr.,* 2 Swan (Tenn.), 504; *Hill* v. *State,* 23 Ark. 604; *State* v. *Edwards,* 11 Ind. App. 226 [38 N. E. 544]; *Mahone* v. *Central Bank,* 17 Ga. 111; *In re Mitchell,* 2 Watts (Pa.), 87; *In re Jacob's Estate,* 119 Iowa, 176 [93 N. W. 94].

The plaintiff earnestly contends that the state is not included within the terms of the general language used in a statute. (*Miller* v. *Pillsbury,* 164 Cal. 199, 204, 205 [Ann. Cas. 1914B, 886, 128 Pac. 327].) That proposition may be conceded, but it is beside the point. There is no statute which gives to the superior court sitting in probate the jurisdiction to entertain in behalf of this plaintiff or in behalf of any other litigant such a claim at such a time. Our statute commands that claims for debts " . . . due, not due, or contingent . . . " be presented. (Code Civ. Proc., sec. 1490 et seq.) If the administrator complies with the statute and gives due notice, claims not duly presented are barred. The bar cannot be waived. (*Harp* v. *Callahan,* 46 Cal. 222, 232.) If, nevertheless, a court allows the claim, its action is reversible error. (*Morrow* v. *Barker,* 119 Cal. 65, 66 [51 Pac. 12].) No action may be maintained. (Code Civ. Proc., sec. 1500.) Hence no court would have jurisdiction. (*Modoc* v. *Superior Court,* 128 Cal. 255 [60 Pac. 848].) If the administrator does not give due notice and does not comply with the statute the holder of a valid claim is given an action against him on his bond. (Code Civ. Proc., sec. 1650.) But the section last cited contains a proviso to the effect that it does not cover claims "not due or contingent." As to claims presented but not due or contingent, the statute provides a complete remedy. (Code Civ. Proc., sec. 1648.) The same remark may be made as to claims due. The administrator is authorized to pay in the following order: (1) funeral expenses; (2) the expenses of the last illness; (3) debts having preference by the laws of the United States; (4) judgments rendered against the decedent in his lifetime and mortgages and other liens in the order of their date; (5) all other demands against the estate. If the estate is insufficient to pay all the debts of any one class, each creditor

must be paid a dividend in proportion to his claim, and no creditor of any one class shall receive any payment until all those of the preceding class are fully paid. (Code Civ. Proc., sec. 1645.) ██ The state may claim under any one of the foregoing statutes. If it does not do so the statute is silent as to any other remedy. If it be asserted that the statute thus fails to protect the state, the clear reply is that there is a legislative omission. (*San Francisco etc. L. Co.* v. *Banbury*, 106 Cal. 129 [39 Pac. 439].) But that fact is for the consideration of the legislature. In exercising probate powers a superior court, a court of general jurisdiction, is but administering certain statutes and its jurisdiction is limited and special. (7 Cal. Jur. 698, sec. 81.) It does not err in declining to exercise a power not granted to it.

We find no error in the record.

The judgment is affirmed.

Nourse, Acting P. J., and Dooling, J., *pro tem.,* concurred.