[Civ. No. 10761. Second Appellate District, Division Two.—December 26, 1935.]

MAURICE SILVERMAN, Appellant, v. LOYD WRIGHT et al., Respondents.

McManus & Caldwell for Appellant.

Charles E. Millikan for Respondents.

GOULD, J., *pro tem.*—Earnest J. Krause, Inc., a California corporation, executed its promissory note for $15,000 secured by a deed of trust upon real property. Upon default in payment of the note the holder caused the trustee to sell the real property on February 28, 1929. After applying the proceeds of the sale to the indebtedness represented by the note, there remained a deficiency of $4,742.24. Thereafter by two assignments the note passed into the ownership of plaintiff herein, who commenced suit thereon by filing a complaint February 11, 1930, upon which judgment was recovered in January, 1931, for the amount of the deficiency against the corporate maker of the note.

In the meantime defendant Frances A. Hinds Krause, one of the stockholders of said corporation, purchased all of the outstanding stock of the other stockholders other than Earnest J. Krause, paying them a total of $31,750 therefor in March and April of 1929. This money was disbursed to the various stockholders in proportion to their respective holdings.

Thereupon Frances A. Hinds Krause surrendered to the corporation all of the preferred stock in her possession (whether originally issued to her or acquired by her by purchase from other stockholders) and received in consideration therefor the transfer from the corporation to herself of a valuable piece of real property. This transfer was effectuated April 15, 1929, shortly after the trust deed sale hereinabove referred to, nearly ten months before plaintiff filed his suit against the corporation for the deficiency judgment and nearly two years before said deficiency judgment was entered. More than one year after the last-mentioned event, to wit, on April 4, 1932, being almost three years after said transfer to Frances A. Hinds Krause, the within action was filed by plaintiff as creditor of the corporation holding the deficiency judgment, upon which had been paid two small sums aggregating $427.04.

This action attacks the whole transaction between the corporation and Frances A. Hinds Krause, asking equitable relief in various particulars, including a decree that the $31,750 paid to the stockholders be declared subject to the claims of plaintiff as a creditor, and that the directors of said corporation be held personally liable to plaintiff because they had distributed, or permitted the distribution of, the assets of the corporation in consideration of the surrender of the corporate stock. Judgment in the lower court went for defendants and plaintiff appeals.

Appellant asserts there is no evidence to support the trial court's finding that it is not true that the corporation was wholly insolvent at the time the complaint was filed and became insolvent by the transaction with the stockholder Frances A. Hinds Krause. Contrary to this assertion there appears ample evidence to support the court's finding in the testimony of two of the defendants, Wright and Krause, who offered practically all the evidence adduced in the case when they were called by plaintiff for cross-examination under section 2055 of the Code of Civil Procedure.

Similarly as to appellant's next contention of lack of evidence to support a finding as to knowledge on the part of the corporation or its officers as to the deficiency, we find substantial evidence to justify the finding and therefore it cannot be disturbed on appeal. The same observation is pertinent with respect to appellant's argument as to the finding

that the transfer of the property to Frances A. Hinds Krause was valid and not in fraud of appellant as a creditor. Evidence of a substantial nature was before the court to the effect that at the time of the transfer in question the corporation was possessed of other property more than sufficient to satisfy appellant's claim.

The only remaining point made by appellant is that the court erred in refusing to enter judgment against the defendant directors of the corporation for having distributed the assets of the corporation to its stockholders, thus placing it beyond the power of appellant as a creditor to satisfy his claim. It is claimed that the directors are liable under section 309 of the Civil Code (as said section read at the time of the transfer); but even assuming that the pleadings in the case before us permit invoking the relief, we are compelled to the conclusion that appellant cannot prevail and that the trial court's judgment is correct. The right to sue directors upon the statutory liability in question has been held by our Supreme Court to be not assignable. (*Western Mortgage etc. Co.* v. *Gray*, 215 Cal. 191 [8 Pac. (2d) 1016, 80 A. L. R. 866].) Therefore appellant, being assignee of the deficiency, is not entitled to seek satisfaction for his claim against the directors personally.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.