[Civ. No. 12241.  First Dist., Div. One.  Jan. 19, 1943.]

DEPARTMENT OF SOCIAL WELFARE OF THE STATE OF CALIFORNIA, Appellant, v. FREDA STAUFFER, as Administratrix, etc., Respondent.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, and Lawrence S. Fletcher, Deputy Attorney General, for Appellant.

Hugh K. McKevitt and Joseph F. DeMartini for Respondent.

WARD, J.—This is an appeal from a judgment for defendant in an action against her as administratrix of the above entitled estate. The action is based upon her rejection of a claim filed against the estate under section 2223 of the Welfare and Institutions Code.

On application by John L. Brues to the Board of Supervisors of the City and County of San Francisco, through the Department of Welfare of said city and county, he was granted old age security in the amount of $1,375, which covered a period commencing October 1, 1936, and ending February 15, 1940, the date of his death. He declared under oath at the time of making the application, and subsequently, that his assets were not in excess of approximately $80. During the above period, aid was temporarily discontinued for two months by reason of his ineligibility, and an amount of $350 was refunded by him when it was discovered by the authorities that for ten months he had been working and receiving income which rendered him ineligible for aid during that time. The total net amount received by him, therefore, was the sum of $1,025.

Upon the death of Brues, defendant was appointed and duly qualified as the administratrix of his estate, and notice to creditors was published, the first time of such publication being on March 21, 1940. In the inventory and appraisement

filed on February 23, 1941, it appeared that decedent was the owner of certain shares of the common stock of the Commonwealth Edison Company of a value in excess of $946. On the 12th of March, 1941, plaintiff filed its verified preferred claim under section 2223 of the Welfare and Institutions Code in the sum of $2,050, being double the net amount of money so paid Brues during the period when his assets exceeded $500 in value. The claim was rejected, and this suit brought thereon. The judgment in defendant's favor was entered upon the conclusion of law that the claim filed "arises upon contract and is barred for not having been filed within the six months period after the first publication of notice to creditors of said estate," and it is upon this point that plaintiff appeals.

Under the Old Age Security Law (§§ 2000 et seq. of the Welf. & Inst. Code) a recipient of aid is entitled to have in his possession personal property of a value not to exceed $500 (§ 2163) and real property of an assessed value not to exceed $3,000 (§ 2164). The possession of assets in excess of the above amounts renders the recipient ineligible for such aid.

Section 2222 provides that if at any time during the continuance of aid the recipient becomes possessed of any property or income in excess of the amount allowed, he shall immediately notify the board of supervisors of the receipt and possession of such property or income. Any excess aid theretofore paid shall be recoverable as a debt by the state and county participating in the granting of such aid.

Section 2223 provides that "If, on the death of a recipient of aid under this chapter, it is found that he was possessed of property or income in excess of the amount allowed under the provisions of this chapter and that he has not disclosed the same to the board of supervisors, double the amount of the aid paid him in excess of that to which he was legally entitled may be recovered by the Department of Social Welfare as a preferred claim from his estate and upon recovery shall be paid in equal proportions into the treasury of the State and the treasury of the county participating in the granting of such aid."

Appellant contends that it was advised of the existence of assets in the Brues estate only after the inventory and appraisement therein had been filed, nearly a year after the first publication of notice to creditors. It further contends (1) that the above provisions of section 2223 create a statutory penalty; (2) that such penalty is not a contractual liabil-

ity within the meaning of section 707 of the Probate Code and consequently need not be presented as a claim against an estate within the period of six months from the first publication of notice to creditors as required by section 700 of the Probate Code; (3) that the penalty provisions of the section do not create a liability within the lifetime of the decedent and for that reason also do not come within the purview of that section.

Respondent on the other hand contends that the obligation is in its nature contractual as between decedent and the State of California and the board of supervisors, but that if it is in the nature of a penalty or is statutory, for which no claim need be filed in the estate proceedings within the six months period, any right to recover is barred by the statute of limitations (§ 340, subds. 1 and 2, Code Civ. Proc.) the action not having been filed until March 20, 1941, over one year from the date estate proceedings were commenced (March 4, 1940).

The first question deserving consideration may be stated as follows: Is the right of recovery given by section 2223 of the Welfare and Institutions Code within the purview of the rule requiring certain claims against a decedent's estate to be filed within six months from the date of the first publication of notice to creditors or be forever barred. (Prob. Code, §§ 700, 707.) Probate Code section 707 applies in terms only to contractual claims, statutory liabilities not being included therein. (*People* v. *Hochwender,* 20 Cal.2d 181 [124 P.2d 823]; 11A Cal.Jur., p. 718.) Section 2223 is of statutory origin and the right of recovery therein given cannot reasonably be said to be based upon any express or implied contract.

The right of the state, upon the death of a recipient of aid under the Old Age Security Law, to recover because of the recipient's failure to truthfully disclose in his application for aid the possession of property or income in excess of a given amount is penal in its nature. In construing a similar statute relating to orphans and other needy children (Stats. 1937, chap. 369) as amended in 1939 (Stats. 1939, chap. 302), the court in *County of Los Angeles* v. *Riley,* 20 Cal.2d 664 [128 P.2d 537], denied a petition for rehearing, and modified the original opinion (*County of Los Angeles* v. *Riley,* 20 Cal.2d 652 [128 P.2d 537]) wherein it stated that "The obligation of the state . . . is an implied contract," to read: "The obligation of the state to reimburse counties for aid furnished by the latter to needy children is imposed by statute." In 21

R.C.L., p. 212, section 7, it is said: "It may be admitted that a penalty given by statute is technically a debt. It does not, however, arise on contract, but by operation of law. It is imposed as a quasi punishment for the violation of law, or the neglect or refusal to perform some duty to the public or individuals enjoined by law. Penalties are imposed in furtherance of some public policy, and as a means of securing obedience to law. Persons who incur them are, either in morals or law, wrongdoers, and not simply unfortunate debtors unable to perform their pecuniary obligations." In *Western Mortgage etc. Co.* v. *Gray,* 215 Cal. 191 [8 P.2d 1016, 80 A.L.R. 866], the distinction between a statute imposing a penalty, and one where the liability is contractual, is well set forth. In that case it was held that the statutory penalty abated at death, but under the present statute the penalty against the estate under section 2223 does not come into existence until after the death of its former owner. The citations submitted by respondent, of which *People* v. *Osgood,* 104 Cal. App. 133 [285 P. 753], is a fair example, are not in point. There the forfeited bail bond in a criminal case, upon which the claim was based, was a contract.

While Probate Code, section 707, is not applicable, the demurrer and answer raise other objections based on time limitation, including that of Code of Civil Procedure, section 340, relative to a right of action given to the state upon a statute for a penalty, which must be exercised within one year.

Respondent's contention is based upon the assumption that the claim arises immediately upon the death of the pensioner. This assumption is not, as will be noted hereafter, entirely correct. Appellant argues that the correct interpretation of section 2223 is that its effect should be confined to cases other than where fraud is present, and that the penalty here involved is a punishment for fraud; that by analogy to cases of fraud the accrual of a cause of action such as is here involved is at the time of the discovery of the fraud, and that only then does the statute of limitations commence to run. Appellant admits that not only fraud but nonfraud actions may be instituted under the provisions of section 2223. Assuming that in a fraud 'case the statute of limitations would not start until the discovery of the fraud, such a rule is not of benefit to appellant in the present action. It is conceivable that a pensioner in good faith might neglect to call attention to certain property in which he had an interest. Stock might stand in his name as trustee for the benefit of a relative,

friend or business associate. In fact such a situation is claimed by respondent on appeal, although we fail to find evidence in substantiation thereof. However, the complaint fails to allege fraud. The complaint simply alleges: "That said decedent died on or about the 15th day of February, 1940, in the City and County of San Francisco, and at the time of his death it was found he was possessed of personal property in excess of the amount allowed a recipient under the provisions of the Old Age Security Law, during the periods alleged in paragraph II hereof, in violation of Section 2223, of the Welfare & Institutions Code. . . .; that said defendant refused, failed and neglected to file said inventory and appraisement within the time allowed by law." In the absence of allegations of fraud, the one year period (Code Civ. Proc., § 340) is applicable; not section 338, which refers to an action upon a liability created by statute, other than a penalty. It is true that section 2223 provides for recovery if on the death of a pensioner it is "found that he was possessed of property . . . in excess of the amount . . . disclosed . . . to the board of supervisors," etc. In the absence of allegations of fraud, an action based upon the discovery of the additional property must be brought within the one year period. It may be a hardship on the Department of Social Welfare that an action may be barred before its discovery of undisclosed property. To remedy such a situation, it would be necessary to write into the statute of limitation a provision that the time shall not start to run until the department has knowledge, actual or constructive, that there is undisclosed property. The enactment of such a provision, if advisable, is entirely a legislative function and not a judicial one.

In the present proceeding the filing of a claim was not necessary; but, assuming that it was, it was filed approximately a year after the first publication of notice to creditors. The pensioner died on February 15, 1940. The administratrix was appointed on March 18, 1940, and "thereupon duly qualified as administratrix." The rule in California is that the statute of limitations starts to run upon the issuance of letters and the qualification of the administratrix. Under the provisions of section 340, Code of Civil Procedure, the action brought March 20, 1941, was filed several days late.

The judgment is affirmed.

Peters, P. J., concurred.

KNIGHT, J., Dissenting.—I am unable to agree with the conclusion reached in the majority opinion that the action herein is barred by the statute of limitations.

As stated in said opinion, the Old Age Security Law declares that no aid shall be granted or paid to any person who owns personal property exceeding the value of $500 or real estate exceeding the value of $3,000; that if during the continuance of aid the recipient shall become possessed of property or income in excess of the amount allowed by said law he shall immediately notify the board of supervisors, which, with the approval of the state agency, may cancel or vary the amount of future aid, and that the excess aid theretofore paid shall be returned and is recoverable as a debt. (§§ 2163, 2164 and 2222, Welf. & Inst. Code.) And section 2223 of said code declares that "If, on the death of a recipient of aid under this chapter, it is found that he was possessed of property or income in excess of the amount allowed under the provisions of this chapter and that he has not disclosed the same to the board of supervisors, double the amount of the aid paid him in excess of that to which he was legally entitled may be recovered by the Department of Social Welfare as a preferred claim from his estate and upon recovery shall be repaid to the county, to the State, and to the United States Government in accordance with the provisions of section 2024."

The admitted facts of the present case are these: John L. Brues applied to the Board of Supervisors of the city and county of San Francisco for and received old age security amounting in all to $1,025. The periodical payments began on October 1, 1936, and continued up to the date of his death, which occurred on February 15, 1940. On March 18, 1940, letters of administration in the matter of his estate were issued to Freda Stauffer and the first publication of notice to creditors was given on March 21, 1940. Section 600 of the Probate Code directs that an administrator shall file his inventory and appraisement within three months after his appointment, unless the time be extended by court order. So far as the record shows, no extension was here granted, but the administratrix did not file the inventory until February 23, 1941, which was more than eleven months after her appointment and after the first publication of notice to creditors; and by said inventory it was revealed that the decedent was the owner of corporate stock of the Commonwealth Edison Company of the value of $1,300. On March 12, 1941, less

than three weeks after the filing of the inventory, the state presented its claim against the decedent's estate for double the amount of aid paid to Brues up to the time of his death. On the following day, March 13, 1941, the claim was rejected, and a week later, to wit, on March 20, 1941, the complaint in the present action was filed. The trial court expressly found that during the period from October 1, 1936 (the date of the first payment of aid), to February 15, 1940 (the date of Brues' death), Brues was in possession of corporate stock of the Commonwealth Edison Company of the value of $946 and of a bank account ranging from $25 to $150; also that he "did not disclose to the Board of Supervisors of the City and County of San Francisco, State of California, or their duly authorized agents, the Department of Public Welfare of said City and County, the possession of said stock and bank account prior to and during the entire period said decedent received old age security, or at any other time," and "that the Board of Supervisors of the City and County of San Francisco, and their duly authorized agents, the Department of Public Welfare of said City and County, did not discover the possession of said stock and bank account as aforesaid until subsequent to the death of John L. Brues and after the filing of the inventory and appraisement by Freda Stauffer, the administratrix of said estate." Nevertheless the trial court gave judgment against the state based upon the following conclusion of law: "That the creditor's claim of the Department of Social Welfare of the State of California, filed against the Estate of John L. Brues, deceased, on March 12, 1941, *arises upon contract* and is barred for not having been filed within the six months period after the first publication of notice to creditors of said estate." (Prob. Code, §§ 700, 707; italics added.)

The majority opinion holds that this is an erroneous conclusion of law and that the judgment is not sustainable on the ground specified therein. In thus rejecting the legal theory upon which the trial court decided the case against the state, the majority opinion holds that the cause of action sued upon is statutory; that it is created by section 2223 of the Welfare and Institutions Code for the recovery of a penalty, and in no way involves any contractual relationship, express or implied; that therefore the action is not barred for failure to present a claim against the estate within six months after the first publication of the notice to creditors (Prob. Code, §§ 700, 707); that the controlling statute of limitations in actions

arising under said section 2223 is the one year statute prescribed by section 340 of the Code of Civil Procedure for the recovery of a penalty. I am in full accord with those portions of the majority opinion. But it then goes on to hold that with respect to actions brought under the authority of said section 2223 the one year statute of limitations prescribed by said section 340 starts to run from the date of the issuance of letters of administration, regardless of the date on which "it is found" by the governmental agency that the recipient was possessed of the excess property; and that therefore, since the action herein was filed two days after the expiration of one year from the issuance of the letters, the action is barred by the provisions of said section 340, despite the express finding of the trial court that the governmental agency was unaware of the existence of the excess property until the administratrix disclosed its existence by filing the inventory, more than eleven months after the issuance of letters of administration.

The position taken in behalf of the state is that the one year statute starts to run when "it is found" by the governmental agency that the recipient was possessed of property in excess of the amount allowed by said law, and it is my conclusion that the plain wording of said section 2223 will admit of no other possible construction. To repeat, it reads: "If, on the death of a recipient of aid . . . *it is found* that he was possessed of property or income in excess of the amount allowed . . . and that he has not disclosed the same . . . double the amount . . . may be recovered . . ." etc. (Italics added.) Manifestly, in no case, in the absence of statutory direction to the contrary, does a statute of limitations start to run against the exercise of a remedy for the enforcement of a cause of action until the cause of action itself exists; and here, as will be seen, the statutory cause of action conferred on the state by said section 2223 does not come into being unless and until "it is found" by the governmental agency that the recipient was possessed of property in excess of the amount allowed by said law; necessarily, therefore, no suit for the enforcement of such cause of action could be instituted against the recipient's estate unless and until it was so found. In the present case, as above stated, the trial court expressly determined as a fact that such discovery was not made until "after the filing of the inventory and appraisement" on February 23, 1941; and in less than a month thereafter the complaint herein was filed. In that state of the record it would

seem that to hold that regardless of when it was found that the excess property existed, the one year statute of limitations began to run from the date of the issuance of the letters of administration, not only does violence to the provisions of said section 2223 and the trial court's finding, but judicially revises the section by eliminating therefrom the words "If . . . it is found," and incorporating therein a statute of limitations impracticable in its operation and never contemplated by the Legislature.

It is quite true that the general rule in this state is that as to actions against the estates of deceased persons a statute of limitations starts to run as soon as the representative of the estate is appointed and receives his letters; but in all cases where such general rule is controlling the cause of action against the estate, unlike the one here sued upon, exists at the time of the issuance of the letters.

Referring back to the question of the construction of said section 2223, it may be conceded that the existence of any facts or circumstances sufficient to charge the governmental agency with constructive knowledge that the recipient of aid had died possessed of property in excess of the amount allowed by said law would start the running against the state of the one year statute of limitations, even though the inventory in the estate had not yet been filed. For example, such constructive knowledge might be imparted by the facts alleged in the petition for letters of administration concerning the value and extent of the recipient's estate; or by the contents of a recipient's will which had been offered for probate; or even by recorded transactions had prior to the recipient's death. And obviously the application of the doctrine of constructive knowledge in determining cases based on said section 2223 is entirely consistent with its present provisions, without the necessity of adding any words thereto, because clearly the language employed in framing the opening clause, to wit: "If, on the death of the recipient . . . *it is found* that he was possessed of property or income in excess of the amount allowed . . ." (italics added) is amply broad enough in its scope to support the conclusion that it was intended that the section should be so construed. However, in any event, the question of constructive knowledge is in no way involved on this appeal, because the appeal having been taken on the judgment roll, no part of the evidence is set forth in the record; and the trial court expressly found that the governmental agency did not discover the excess property until after the

inventory was filed. It is beyond the power of this court, therefore, to infer, presume or find to the contrary.

Reference is made in the majority opinion to the absence of allegations of fraud; but it is to be noted that said section 2223 declares without any qualifying language whatever that if on the death of the recipient it is found that he was possessed of excess property "and that he has not disclosed the same to the board of supervisors" etc., the governmental agency may recover double the amount paid him in excess of that which he was entitled to receive. Consequently, in order to invoke or grant the relief provided by said section it is not necessary for the state to allege or prove, nor for the trial court to find, the existence of fraud.

It is my conclusion, therefore, that since under the trial court's findings of fact plaintiff is entitled to a judgment for the recovery of the penalty provided for by said section 2223, the judgment appealed from should be reversed with directions to the trial court to revise its conclusion of law and thereupon to enter judgment in favor of plaintiff in conformity with the provisions of said section.

A petition for a rehearing was denied February 18, 1943. Knight, J., voted for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied March 18, 1943.