[S. F. No. 478.	Department One.—December 31, 1896.]

HENRY A. HARDIN, APPELLANT, v. H. G. SIN CLAIRE ET AL., RESPONDENTS.

NUISANCE—OBSTRUCTION OF PRIVATE RIGHT OF WAY—ACTION—PARTIES—SPECIAL ADMINISTRATORS.—An obstruction of a private right of way is a nuisance, and an action may be maintained by the owner of such right of way for damages, and for the abatement of such nuisance, against any persons who have participated in maintaining the same, regardless of any interest in the land over which the right of way is claimed, and the special administrators of a deceased owner of such land, who participate in maintaining such nuisance, may be joined as parties defendant, notwithstanding the obstruction was originally placed there by the decedent of whose estate they are special administrators.

ID.—ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIMS—ACTION FOR DAMAGES.—Only claims arising upon contract with a deceased person are required to be presented as claims against his estate, before an action can be brought thereon against his administrators, and a presentation is not required of a claim for damages for wrongful acts before the bringing of an action to recover the same against the administrators.

APPEAL from a judgment of the Superior Court of Sonoma County.	R. F. CRAWFORD, Judge.

The facts are stated in the opinion.

*James W. Oates*, for Appellant.

This action can be maintained against special administrators. (Code Civ. Proc., sec. 1415; *Himmelmann* v. *Spanagel*, 39 Cal. 401; *Tehama County* v. *Bryan*, 68 Cal. 57; *Amestoy* v. *Electric Rapid Transit Co.*, 95 Cal. 311; *Ward* v. *Clay*, 82 Cal. 502; *Harnish* v. *Bramer*, 71 Cal.

155; *Grain* v. *Aldrich,* 38 Cal. 514; 99 Am. Dec. 423; *Estate of Sackett,* 78 Cal. 300; *Estate of Moore,* 88 Cal. 1.) The action for damages is in tort, and in no sense a "claim arising upon contract," and need not be presented to the administrator before suit. (Code Civ. Proc., secs. 1415, 1493; *Forde* v. *Exempt Fire Co.,* 50 Cal. 299; *Perry* v. *Ames,* 26 Cal. 372; *United States* v. *Macon Co.,* 99 U. S. 582; *Miller* v. *Kirkpatrick,* 29 Pa. St. 226; *Fallon* v. *Butler,* 21 Cal. 32; 81 Am. Dec. 140; *Stanwood* v. *Sage,* 22 Cal. 516; *Sharpstein* v. *Freidlander,* 54 Cal. 58; *Estate of McCausland,* 52 Cal. 568.) The court erred in excluding the evidence as to defendant Sin Claire, even if the objection was good as to the special administrators. (Civ. Code, secs. 3479–81; *Hargro* v. *Hodgdon,* 89 Cal. 623; *Stallard* v. *Cushing,* 76 Cal. 472; *People* v. *Gold Run etc. Co.,* 66 Cal. 138; 56 Am. Dec. 80; *Board of Education* v. *Keenan,* 55 Cal. 642.)

*Pierson & Mitchell,* and *Garret W. McEnerney,* for Respondents.

If deceased and defendant Sin Claire erected an obstruction on plaintiff's land, they were guilty of a trespass which dies with the trespasser, and there is no claim for damages against the estate of deceased. (*O' Conner* v. *Corbitt,* 3 Cal. 371.) If there is a claim against the estate, its payment could not be enforced until the special administration had terminated, and the personal representatives of deceased were appointed. (*In re Welch,* 106 Cal. 427; *In re Moore,* 88 Cal. 1; *In re Sackett,* 78 Cal. 300; *Henry* v. *Superior Court,* 93 Cal. 570.) If the special administrators have done something that they were not authorized to do, they are liable individually. (*In re Williams' Estate* (Cal. Feb. 14, 1893), 32 Pac. Rep. 241; *Schlicker* v. *Hemenway,* 110 Cal. 579; 52 Am. St. Rep. 116.)

BELCHER, C.—It is alleged in the complaint in this case that the plaintiff had been the owner and in possession of a certain described tract of land in Sonoma

county, consisting of two hundred acres, continuously for thirteen years; that he had also, during the same time, been the owner and in possession of a certain described private way or road, leading from his said land over other land to a public road, which private road, during all of said time, he had used and traveled over on foot and on horseback, and with wagons and other vehicles, claiming to own the same openly, notoriously, and adversely to all the world, and without let or hindrance from any one; that on or about December 25, 1894, the defendant, H. G. Sin Claire, and James G. Fair obstructed the said road so that plaintiff could not pass or repass over the same; that Fair died on December 27, 1894, and shortly thereafter the other defendants, Goodfellow, Angus, Breese, and Carothers, were appointed special administrators of his estate, with power to act for said estate, and to defend actions for and on behalf thereof, and ever since have been acting as such; that ever since their appointment they and said Sin Claire have maintained the said obstruction, and prevented plaintiff from using the said road, to his damage, etc. The prayer is for judgment that the obstruction be abated, and that defendants be enjoined from further interfering with plaintiff's free use of the road, and for damages in the sum of fourteen hundred dollars. The defendants jointly answered the complaint by a general denial.

When the cause came on for trial the plaintiff offered evidence to prove the allegations of his complaint, and the defendants objected to the admission of any evidence on his behalf, upon the ground that the complaint failed to state any cause of action against defendants, or any of them, because: 1. Four of the defendants are special administrators of the estate of a deceased person, duly appointed, qualified, and acting, and that a suit of the nature of the one at bar cannot be maintained against the special administrators of an estate; 2. That the defendant, Sin Claire, has no interest in the land over which the right of way is claimed

by the plaintiff, either as owner, lessee, or tenant, and the court has no jurisdiction to hear or receive any evidence whatever against him; 3. The suit being in part to recover damages, it can only be maintained against the personal representatives of the deceased person after the claim has been properly presented to them and rejected as provided by law.

The court sustained the objections, and the defendants then moved to dismiss the action, which motion was granted, and judgment entered in their favor for costs.

The plaintiff duly excepted to all the rulings of the court, and has appealed from the judgment upon a bill of exceptions.

The court clearly erred in its rulings. So far as defendant Sin Claire is concerned, it does not appear whether he was, or was not an owner, lessee, or tenant of the land over which plaintiff claimed a right of way, and whether he was or was not is entirely immaterial. If plaintiff owned a right of way, and it was obstructed as alleged, the obstruction was a nuisance, and any person creating or assisting to create and maintain the nuisance was liable to be sued for its abatement and for damages.    (Code Civ. Proc., sec. 731.)

As to the other defendants, they certainly had no right to maintain and keep up an obstruction to a private way, to the detriment of the owner thereof, notwithstanding it was placed there by the decedent, of whose estate they were special administrators. It cannot be that, under such circumstances, they can maintain a nuisance as long as they remain special administrators, and that the injured party can maintain no action to abate or enjoin it.   In our opinion this action was properly brought against them, and plaintiff, upon proving the facts alleged in his complaint to be true, would have been entitled to a judgment against them enjoining or abating the nuisance, and for such damages as they by their wrongful acts had caused him to suffer.

The statute in regard to claims against estates provided that " all claims arising upon contracts" must be

properly presented and rejected before suit can be brought to recover on them. (Code Civ. Proc., secs. 1493, 1498.) This is not such a case, but an action to recover damages for wrongful acts. No presentation was therefore necessary. Whether, if judgment for damages were rendered against these defendants, the estate could be made to pay the same is a question which does not arise here, but is for the probate court to solve in the first instance.

The judgment should be reversed.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.