[L. A. No. 17816.   In Bank.   Apr. 20, 1942.]

THE PEOPLE, Plaintiff and Appellant, v. JEAN HOCH-WENDER, as Special Adminstratrix, etc., et. al., Defendants and Appellants.

Earl Warren, Attorney General, and H. H. Linney, Burdette J. Daniels, James E. Sabine and Adrian A. Kragen, Deputies Attorney General, for Plaintiff and Appellant.

Clifford C. Pease and Edward J. Schwartz for Defendants and Appellants.

SHENK, J.—The plaintiff and the defendants have appealed from a judgment for the plaintiff in an action to recover additional sales taxes.

Fred Hochwender died testate May 1, 1936. During his lifetime he operated a retail used car business under permits issued to him by the State Board of Equalization. Returns were filed for the period from July 1, 1934, to June 30, 1936, showing taxable sales of $72,435.72, and the sales tax thereon was paid.

On May 28, 1936, the first publication of notice to creditors was made by the then acting executor, and the six months period for presentation of claims against his estate under section 700 of the Probate Code expired November 28, 1936. No claim for sales taxes was filed in the probate court or presented to the legal representative of the estate within that time.

More than a year after Hochwender's death, and in September, 1937, the State Board of Equalization made an audit of his books which disclosed a total of taxable sales for the aforesaid period, July 1, 1934, to June 30, 1936, of $188,886.43, or $116,450.71 more than the total reported by the retailer. The State Board of Equalization mailed a notice of additional assessment, dated October 6, 1937, seeking to impose a further tax of $4,634.78. On October 8, 1937, sixteen months after the first publication of notice to creditors, the claim for the latter amount was presented against the estate. The claim was rejected on March 11, 1938.

Thereafter, on June 9, 1938, the plaintiff commenced this action for the enforcement of the claim including interest and penalties. The state thereby sought to collect taxes on sales

from July 1, 1934, a period commencing more than three years and eleven months prior to the filing of the complaint. Section 30 of the California Retail Sales Tax Act as amended (Stats. 1935, page 1265; Deering's Gen. Laws, 1937, Act 8493) provides that an action to collect delinquent sales taxes must be brought within three years after delinquency.

The trial court rendered judgment in favor of the plaintiff for $3,239.04, but denied recovery for any taxes on sales during the taxable period ending prior to June 9, 1935, or more than three years before the suit was filed.

The appeal of the defendants will first be considered. They contend that the state's entire claim is barred by Probate Code sections 700 and 707, because the claim was not presented in the probate matter within six months after the first publication of notice to creditors. Section 700 requires that the notice specify six months for the presentation of claims and section 707 provides:

"All claims arising upon contract, whether they are due, not due, or contingent, and all claims for funeral expenses, must be filed or presented within the time limited in the notice . . . and any claim not so filed or presented is barred forever. . . ."

The defendants insist that the tax is a claim arising upon contract within the meaning of section 707. The contention cannot be sustained. In the early case of *Perry* v. *Washburn,* 20 Cal. 350, it was held: "Taxes are not debts . . . due by contract, express or implied." That case has been consistently and uniformly followed. It was cited and approved in *Spurrier* v. *Neumiller,* 37 Cal. App. 683 [174 Pac. 338], where it was said: "Taxes are not debts, nor founded upon contract, but they are charges upon persons or property to raise money for public purposes." This court recently reiterated the rule in *Southern Service Co.* v. *County of Los Angeles,* 15 Cal. (2d) 1 [97 P. (2d) 963], stating, "The general relationship of sovereign and tax payer is not founded on, nor does it create, any contractual rights," citing *Perry* v. *Washburn, supra,* and *Spurrier* v. *Neumiller, supra.*

The defendants rely upon the case of the *People* v. *Sischo,* 31 Cal. App. (2d) 345 [87 P. (2d) 862]. That case holds that a liquidated demand for sales taxes made by the State Board of Equalization on a retailer, a business trust, is a claim on which the trustees of the business trust are personally liable in accordance with the rule that trustees of such a trust

are personally liable for the obligations of their trust except when exempted either expressly or by implication. The case lends no support to the contention that the tax obligation is contractual in nature. Nor does section 9 of the Retail Sales Tax Act, which states that "the tax levied hereunder shall be a direct obligation of the retailer. . . ." render the tax contractual. The fact that the tax may be an obligation does not make it a contractural obligation. Section 26 of the Code of Civil Procedure provides that obligations may arise by contract or by operation of law. The tax liability here involved is one that arises by operation of law and not by contract.

Defendants also stress one of the reasons for the six months' provisions for filing claims against estates which is said to be based upon "the special nature of probate and the vital necessity for winding up the affairs of a decedent's estate within the shortest time possible." However, it is clear that a tax claim should come within the terms of the probate statute before the reason would be applicable. Here it does not. It is significant that the statutory limitation does not apply to other law imposed obligations, such as tort claims and alimony allowances. (*Hardin* v. *Sin Claire,* 115 Cal. 460 [47 Pac. 363] ; *Millar* v. *Millar,* 51 Cal. App. 718 [197 Pac. 811].

On the plaintiff's appeal the contention is that none of the additional taxes here assessed is barred by the statute of limitations provided by section 30 of the Retail Sales Tax Act. The additional assessment covered a period commencing July 1, 1934. The notice of additional assessment was mailed on October 6, 1937. The action was commenced on June 9, 1938. It is not disputed that if additional assessments become delinquent on the 15th day following the first quarter for which the additional tax was assessed, then the trial court was correct in its conclusion that as to a portion of the additional assessment the action was commenced too late. We do not, however, agree with the defendant's contention that delinquency of the additional assessment occurred at that time. Section 30 provides that at any time within three years after the delinquency of any tax, the board may bring an action in a court of competent jurisdiction to collect the amount delinquent together with interest and penalties. Section 17 provides for an additional assessment if the board is not satisfied that the retailer's return is sufficient. It also provides that notice thereof be served upon the retailer and that any such additional assessment shall bear interest at the rate of one-half of

one per cent per month from the fifteenth day after the close of the period for which the assessment is imposed to the date of payment. By section 20 assessments made under the provisions of section 17 become due and payable at the time of service of notice thereof, and if not paid at that time a ten per cent penalty is added to the amount of the tax. Section 21 provides that notice of such additional assessment be mailed to the retailer within three years after his return was filed. Section 9 requires the retailer to file his return on or before the fifteenth day following the close of the taxable period. No contention is made that notice was not mailed within three years from the filing of the return covering the first quarterly period involved herein.

The defendants argue that because interest is added from the fifteenth day following the close of the period for which the additional assessment is made, an intent is shown that the additional assessment be deemed delinquent on that day. That possibility is negatived by the provisions of sections 20 and 21 which establish the due date of the assessment, the fixing of a ten per cent penalty upon failure to pay on the due date, and the requirement that notice of additional assessment be mailed within three years after the filing of the return. Approval of the defendant's contention would lead to the absurd result that the board may notify the retailer just before the close of the three-year period but must file an action at the same time and before the time expires within which the taxpayer is permitted to comply with the notice without suffering the addition of the penalty for nonpayment. It is obvious that the Legislature intended that payment of the additional tax under those sections should not become delinquent until the penalty for nonpayment attached.

The court was therefore in error in concluding that the provisions of section 30 barred the right of the plaintiff to collect the entire amount of the additional assessments.

The judgment is reversed with directions to the trial court to enter judgment for the plaintiff for the full amount of the additional taxes, interest and penalties.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., and Carter, J., concurred. Traynor, J., did not participate herein.