[Civ. No. 14918.   Second Dist., Div. Two.   Nov. 7, 1945.]

THE PEOPLE, Appellant, v. RALPH J. NYMER et al., Respondents.

Robert W. Kenny, Attorney General, John L. Nourse and Daniel N. Stevens, Deputies Attorney General, for Appellant.

Samuel A. Miller for Respondents.

FOX, J. pro tem.—This is an action by the People to recover upon an alleged liability for sales taxes under the California Retail Sales Tax Act of 1933, as amended. From a judgment in favor of the defendants the People have appealed.

From April 1, 1935, to and including April 30, 1936, defendant Nymer engaged in the sale of tangible personal property at retail in the city of Los Angeles. During this period he filed quarterly retail sales tax returns and paid the tax shown to be due thereon. From April 1, 1936, to June 29, 1937, defendant Nymer also engaged in the sale of tangible personal property at retail in the city of San Diego. He filed quarterly retail sales tax returns for the latter business from April 1, 1936, to and including March 31, 1937, but did not file a return for the period commencing April 1, 1937, to and including June 29 of that year. The State Board of Equalization was not satisfied with the returns filed by Nymer and made an audit of the businesses conducted by him during the aforesaid periods. Under the authority granted by section 17 of the Retail Sales Tax Act, the board made an additional assessment of tax due from his operations at each place. From his Los Angeles business the additional tax assessed was $558.10, together with $55.65 interest and a 10 per cent penalty of $55.82 for negligent or intentional disregard of the Retail Sales Tax Act. From Nymer's San Diego business the additional tax assessed was $1,372.88, together with $47.29 interest and a penalty of $39.00 for his failure to file

a return for the fractional quarter ending June 29, 1937.

Within the time allowed by the Act Nymer filed a petition for reassessment of each of the above assessments. On September 29, 1938, the board denied his request for adjustment of said assessments. Notices thereof were mailed to Nymer by the board on October 10, 1938. Nymer failed to pay the assessments within thirty days after service upon him of the notices of reassessment and a penalty of 10 per cent of the amount of the tax was added to each assessment under the authority of section 20 of the said act. No part of these assessments having been paid the People filed this action to collect the same on March 12, 1941.

The trial court found that the three-year statute of limitations provided by section 30 of the act commenced to run on August 27, 1937, the date of mailing of the original notices of assessment to Nymer, and that since this action was not filed within three years from that date the plaintiff's right to recover on said assessments was barred. The People, however, contend that the statute of limitations did not begin to run until thirty days from October 10, 1938, the date upon which the notices of reassessment were mailed Nymer because, they argue, it was at that time that the tax, penalty and interest assessed against him became final, due and payable, and the penalty for nonpayment attached. Hence the statute of limitations had not run. The position of the People must be sustained.

Section 30 of the Retail Sales Tax Act, as it existed at the time of the assessments upon which this action is based, provided in part as follows:

"At any time within three years after the delinquency of any tax, the board may bring an action in a court of competent jurisdiction in the name of the people of the State of California to collect the amount delinquent, together with penalties." (Deering's Gen. Laws, 1937, Act 8493, p. 3903, Stats. 1933, p. 2599.)

The primary question then is: When does a tax become delinquent within the meaning of this section?

In conformity with the provisions found generally in taxing statutes where the tax is originally determined by the taxpayer who is required to file a return together with a remittance of any tax shown to be due thereon, the Legislature has recognized the practical necessity for allowing a fixed period within which the agency administering the tax may

review the taxpayer's return in order to determine whether or not the proper amount of tax has been declared and paid. So, in section 21 of the act we find the following provision:

"Except in the case of a fraudulent return, or neglect or refusal to make a return, every notice of additional tax proposed to be assessed hereunder shall be mailed to the retailer within three years after the return was filed." (Deering's Gen. Laws, 1937, Act 8493, § 21, p. 3899, Stats. 1933, p. 2599.)

Thus the Legislature has provided a three-year period (except where the retailer neglects or refuses to make a return, or files a fraudulent return) for an audit of the tax returns by the State Board of Equalization and for the making of any additional investigation which the board deems necessary with respect to the amount of tax actually due from the retailer. If the board is not satisfied with the tax return made by a retailer, it is authorized by section 17 of the act to make an additional assessment of tax due from such retailer upon facts set forth in the return or upon any information which it has or may obtain. The board is required by this latter section to give the retailer written notice of such additional assessment. As previously noted the board made additional assessments against Nymer for both of his places of business. Notice thereof was mailed to him on August 27, 1937. Since the earliest return filed by the retailer in this case was for the second quarter of 1935, the notices of the assessment were mailed well within the three-year period fixed by section 21, *supra,* of the act. Consequently, the timeliness of the assessments is clear.

These assessments, however, were not then final. The retailer still had the right to petition, within thirty days, for a reassessment. He filed such petiton. Section 20 of the act then becomes applicable. The material portion of said section reads as follows:

"Any retailer against whom an assessment is made by the board under the provisions of section 17 or 18 hereof may petition for a reassessment thereof within thirty days after service upon the retailer of notice thereof. If a petition for reassessment is not filed within said thirty day period the amount of the assessment becomes final at the expiration thereof.

"If a petition for reassessment is filed within said thirty day period the board shall reconsider the assessment, and

if the retailer has so requested in his petition, shall grant said retailer an oral hearing and shall give the retailer ten days' notice of the time and place thereof. The board shall have power to continue the hearing from time to time as may be necessary.

"The order or decision of the board upon a petition for reassessment shall become final thirty days after service upon the retailer of notice thereof.

"All assessments made by the board under the provisions of section 17 or 18 hereof shall become due and payable at the time they become final and if not paid when due and payable there shall be added thereto a penalty of ten per cent of the amount of the tax." (Deering's Gen. Laws, 1937, Act 8493, pp. 3898-99, Stats. 1933, p. 2599.)

Since the retailer filed a petition for reassessment under section 20 the assessment did not become final until thirty days after service upon him of the Board's decision on said petition. Such notice was served on Nymer on October 10, 1938. The assessments also became due and payable at the time they became final, and if not then paid an additional penalty of 10 per cent of the tax was thereby incurred because of such nonpayment. (§ 20, *supra.*) It thus follows that since the assessments against Nymer became final, due and payable, and the penalty for nonpayment attached thirty days from October 10, 1938, the said assessment did not become delinquent until that time. In other words, the assessments did not become delinquent until the date on which the penalty for nonpayment attached. (*People* v. *Hochwender*, 20 Cal.2d 181, 186 [124 P.2d 823].) Such penalty did not attach until in November, 1938. Therefore the three-year statute of limitations provided in section 30, *supra*, did not commence to run until this later date. Since this suit was filed on March 12, 1941, the causes of action therein alleged are not barred by the statute of limitations.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.