[Civ. No. 3510. Fourth Dist. Apr. 16, 1946.]

GEORGE CARL HECKMAN McPHEETERS, Respondent, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Robert W. Kenny, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Appellants.

A. A. George for Respondent.

MARKS, J.—This is an appeal from a judgment in the form of a peremptory writ of mandate requiring appellants to dismiss certain proceedings pending against respondent before the Board of Medical Examiners of the State of California, and from an order denying a motion to change the place of trial, and from an order denying a motion to strike out the petition which order is not appealable. (Code Civ. Proc., § 963.)

The record before us consists of a clerk's transcript on appeal. Both counsel have gone outside the record in their briefs and arguments. ■ While it is true that we may take judicial notice of the records of a public agency, as suggested by counsel, they should realize that we should be furnished with some official information of what those records contain as we should not be called upon to take judicial notice of facts of which we are in actual ignorance. This is especially true in the instant case as counsel do not agree as to the contents of those records. We find the information disclosed by the clerk's transcript sufficient for our purposes so we need take no steps to require appellants to disclose the contents of their official records.

The petition for a writ of mandate was filed in the Superior

Court of the County of Fresno on July 6, 1945, and contains a lengthy statement which we will briefly summarize.

Respondent was a duly licensed physician and surgeon who practiced in the city of Fresno. The individual appellants are members of the Board of Medical Examiners of the State of California, and John R. Walker resides in the county of Fresno.

On December 30, 1943, a complaint was filed with the Board of Medical Examiners charging respondent with two violations of section 2377 of the Business and Professions Code. A second complaint was filed on May 19, 1944, charging another violation of the same code section.

Respondent and his attorney appeared before the board as follows: February 7, 1944, in Los Angeles; June, 1944, in San Francisco; October 17, 1944, in Sacramento; February 26, 1945, in Los Angeles, at which time the hearing was continued to August, 1945.

It is alleged that at each of those respective times and places respondent was ready to proceed with the hearing but that no evidence was produced against him and he moved to dismiss the complaints, which motions were denied.

The alternative writ of mandate issued on July 6, 1945, was made returnable on July 27, 1945, at which time appellants argued a general and special demurrer, moved to change the place of trial to Sacramento County and moved to dismiss the petition because of lack of jurisdiction in the trial court. The court minutes of that day show that the various matters were argued and counsel were given twenty, twenty and ten days respectively to file briefs, the cause then to stand submitted. The minutes of September 5, 1945, show that both motions were then denied, the demurrer was overruled "and Petition for Writ of Mandate is hereby granted." The peremptory writ of mandate was issued on September 8, 1945.

The record does not indicate that any default of appellants was taken nor that any evidence was taken in support of the allegations of the petition. There are no findings of fact and no judgment other than the minute order and the following endorsement on the bottom of the writ: "Let the foregoing Writ issue. September 8th, 1945. Dan F. Conway, Judge."

The first question for our consideration is the correctness of the order denying the motion to change the place of trial, for if the Superior Court of Fresno County had no jurisdiction of the case, the other errors urged by appellants, and some of them seem to possess merit, become unimportant.

It is clear that the Board of Medical Examiners of the State of California is a public agency exercising governmental functions (Bus. & Prof. Code, §§ 100, 101 and 2100) and that it and its board members are sued here in their official capacity. (*Reed* v. *Molony*, 38 Cal.App.2d 405 [101 P.2d 175].)

■ It is settled that neither the state nor any of its agencies exercising governmental functions can be sued unless statutory consent is given to maintain an action against any of them. In *State of California* v. *Superior Court*, 14 Cal.App.2d 718 [58 P.2d 1322], it was said:

"It follows that the several passages contained in said section expressing the conditions and limitations concerning actions against the state must be complied with. It will not be disputed that when the state gives permission to be sued it may state the conditions under which such right is given. (*Gill* v. *Johnson*, 103 Cal.App. 234 [284 P. 510] ; 59 C.J. 304.) As statutes conferring the right to sue the state are in derogation of the state's sovereign capacity, such statutes will be strictly construed. (*Westinghouse Electric & Mfg. Co.* v. *Chambers*, 169 Cal. 131 [145 P. 1025].)" (See, also, *Innes* v. *McColgan*, 52 Cal.App.2d 698 [126 P.2d 930].)

It is held that mandamus proceedings are subject to the same rules as to changes of venue as are any other actions. (*Bloom* v. *Oroville-Wyandotte Irr. Dist.*, 34 Cal.App.2d 102 [93 P.2d 164].)

The only statute called to our attention permitting actions against appellants is section 2109 of the Business and Professions Code which provides as follows:

"The office of the board shall be in the city of Sacramento. Suboffices may be established in Los Angeles and San Francisco and such records as may be necessary may be transferred temporarily to them. Legal proceedings against the board may be instituted in any one of these three cities."

■ As the offer of the permission to sue the state or its governmental agencies must be accepted in the form in which it is given it follows that this action should have been started either in Sacramento, San Francisco or Los Angeles Counties and that the Superior Court of Fresno County had no jurisdiction of the case. The motion for change of venue should have been granted.

Respondent relies on the cases of *County of Los Angeles* v. *Riley*, 20 Cal.2d 652 [128 P.2d 537], and *Boland* v. *Cecil*,

65 Cal.App.2d Supp. 832 [150 P.2d 819], to sustain the decision of the trial court.

In the first cited case the county of Los Angeles sought a writ of mandate against the State Controller to compel him to recalculate the credits claimed by the county in cases of child aid. The Supreme Court held that the county of Los Angeles was merely seeking to enforce a duty expressly imposed on the controller by law so the action was not against the state and did not violate the rule of sovereign immunity against unauthorized suits. We have no such situation here as we know no statute expressly imposing the duty on appellants to dismiss the proceedings pending against respondent. By making this statement we do not wish to imply that in a proper case the courts are without power to require a state board to hear charges filed before it within some reasonable time. That question is not before us and we express no opinion on it.

*Boland* v. *Cecil, supra,* was an action to recover possession of meat that had been seized by officials of the Department of Agriculture. The Municipal Court of Los Angeles County gave judgment to plaintiff for possession of the meat or its value in case possession could not be had, and for damages for its detention.

The appellate department of the superior court affirmed the portion of the judgment for possession of the meat but struck therefrom the provisions for the recovery of its value if possession could not be had, and for the recovery of damages on the ground that an action for the recovery of property wrongfully taken and withheld by a state officer is not an action in which the state may be interested while the money judgment was against a state official. The opinion fully recognizes the rule of sovereign immunity against unauthorized suits and enforced that rule by striking out the provisions for a money judgment. We need comment no further on this case except to say that it is not authority supporting the argument of respondent.

The order denying the motion to change the place of trial of the case to the Superior Court of Sacramento County is reversed with instructions to the trial court to grant the motion.

Barnard, P. J., and Griffin, J., concurred.