[Civ. No. 6335.   Fourth Dist.   Dec. 9, 1960.]

DEPARTMENT OF MENTAL HYGIENE, Respondent, v. JOHN W. ROSSE, as Executor, etc., Appellant.

Parry, Holcomb & Kassel for Appellant.

Stanley Mosk, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

SHEPARD, J.—This is an action to recover from the estates of the father and mother of a mentally ill person, the cost of her support in a state hospital. Judgment was rendered for plaintiff. Defendant appeals.

The record before us shows that March 24, 1942, the daughter of Earl Dunlap and Violet Dunlap was adjudged insane and committed to Patton State Hospital, where she has continued to be a patient ever since except for three days on parole. Violet Dunlap, the mother, died October 3, 1957. Earl Dunlap, the father, died October 24, 1957. Defendant John W. Rosse is the executor of the estates of each of the deceased parents. Action was brought against defendant as executor of each of said estates to recover for the unpaid balance accrued for the support of the daughter while in the hospital. It was stipulated that the issues were substantially the same in each case, and they were consolidated for trial. The judgment is against both estates, and no complaint is made in that regard. The basic liability of the parents is not contested.

Pursuant to Welfare and Institutions Code, section 6651, the rate for the support of mentally ill persons in all state hospitals was fixed by the Director of Mental Hygiene for each year of the daughter's stay at the hospital. The official ledger of the hospital shows the total unpaid balance of the accumulated support of $5,708.87. A notice of claim was filed in each estate, on or about December 12, 1957. The claims were rejected by the executor and notice of rejection was given to claimant on or about December 17, 1957. This action was commenced on or about April 28, 1958. Thus, the time of commencement of the action was more than three

months after the date of notice of rejection of the claims, but less than one year after the issuance of letters testamentary.

Prior to trial, defendant demanded and was given a bill of particulars in the form of a certified copy of all the items shown by the state's ledger account. This was a certified photographic copy. In addition, a photographic certified copy of the official ledger sheet of the Department of Mental Hygiene as to this particular account, showing the unpaid balance, was furnished. At the trial these certified copies were received in evidence over objection of defendant on the ground of insufficient foundation. There was also received in evidence certified copies of the order of the Director of Mental Hygiene fixing the rates for support of mental patients for state hospitals for each of the years involved.

At no time during the trial did defendant dispute the accuracy of the arithmetic calculations on the official ledger sheets offered in evidence. He offered no evidence nor contention, nor even suggestion, that the items were not truly and correctly recorded. He did not ask for cross-examination of the bookkeeper as to the correctness of the entries, either on *voir dire* or as a matter of defense.

### STATUTE OF LIMITATIONS

█ Appellant first complains that the actions are barred by the provisions of Probate Code, section 714, because suit was filed more than three months after notice of rejection of the claims.

Probate Code, section 573, provides with respect to the matter here under consideration, as follows: ". . . all actions by the State of California or any political subdivision thereof founded upon any statutory liability of any person for support, maintenance, aid, care or necessaries furnished to him or to his spouse, relatives or kindred, may be maintained against executors and administrators in all cases in which the same might have been maintained against their respective testators or intestates."

Code of Civil Procedure, section 353, provides with respect to the matter with which we are here concerned, as follows: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

Probate Code, section 707, designates the claims that must be filed and the result of failure to file, in the following language: "All claims arising upon contract, whether they are due, not due, or contingent, and all claims for funeral expenses and all claims for damages for physical injuries or death or injury to property or actions provided for in Section 574 of this code, must be filed or presented within the time limited in the notice or as extended by the provisions of Section 702 of this code; and any claim not so filed or presented is barred . . . ."

Probate Code, section 714, provides in substance that when written notice of rejection of a claim is given by the executor, claimant must bring suit within three months after service of notice if the claim is then due. Welfare and Institutions Code, section 6650 provides, *inter alia,* that the father and mother and their estates are liable to a state institution for a mentally ill child's care, support and maintenance in the state institution, and that the liability is joint and several. Section 6651 of the same code provides, *inter alia,* that the statewide, average, per capita cost of maintaining patients in all state hospitals shall be determined each year by the director of mental hygiene and that this rate shall be paid by those liable therefor for each patient until a new rate is fixed.

It is clear from the foregoing that the debt here sought to be enforced is a statutory liability accruing under the provisions of Welfare and Institutions Code, section 6650 et seq. (*Estate of Gestner,* 90 Cal.App.2d 680, 686 [21] [204 P.2d 77] ; *Department of Mental Hygiene* v. *McGilvery,* 50 Cal.2d 742, 749-750 [329 P.2d 689] ; *Department of Mental Hygiene* v. *Mannina,* 168 Cal.App.2d 215, 218 [335 P.2d 694, 337 P.2d 219].)

It will be noted that Probate Code, section 707, is the basic section relating to filing of claims. It makes no mention of debts arising on account of a statutory liability. The accompanying sections on claims, including section 714, must be read in connection with section 707. Speaking on this subject in a similar matter relating to a claim, our Supreme Court, in *People* v. *Hochwender,* 20 Cal.2d 181, 184 [124 P.2d 823], said:

"The fact that the tax may be an obligation does not make it a contractural obligation. Section 26 of the Code of Civil Procedure provides that obligations may arise by contract or by operation of law. The tax liability here involved is one that arises by operation of law and not by contract.

"Defendants also stress one of the reasons for the six months' provisions for filing claims against estates which is said to be based upon 'the special nature of probate and the vital necessity for winding up the affairs of a decedent's estate within the shortest time possible.' However, it is clear that a tax claim should come within the terms of the probate statute before the reason would be applicable. Here it does not."

In *Department of Social Welfare* v. *Stauffer*, 56 Cal.App.2d 699, 702 [133 P.2d 692], the court said: "Probate Code section 707 applies in terms only to contractual claims, statutory liabilities not being included therein."

In *National Automobile & Casualty Ins. Co.* v. *Ainge*, 34 Cal.2d 806, 808 [215 P.2d 13], the court said: "At the time the present action was commenced section 707 read, 'All claims arising upon contract . . . must be filed . . . [A]ny claim not so filed . . . is barred forever. . . .' Thus it is apparent that only claims 'arising upon contract' as stated in section 707 were dealt with. Defendant's argument that the word 'claim' in section 716 applies to all types of claims ignores the context and legislative history.

"Ever since what is now section 707 was amended to include the phrase 'arising upon contract,' it has been regarded as defining what claims are meant by the other sections."

(It should be remembered that the section was amended in 1949 to include tort claims.) See also *County of Santa Clara* v. *Robbiano*, 180 Cal.App.2d 845, 849 [5 Cal.Rptr. 19]; *Potter* v. *Lewin*, 123 Cal. 146 [55 P. 783]. None of the authorities cited by appellant are in point, for they do not discuss the applications of these sections to statutory liabilities.

We are satisfied that the debt to the state is a statutory liability, that no claim was required to be filed, and that Probate Code, sections 707 and 714, do not apply. The suit was filed well within the one year provided by Code of Civil Procedure, section 353, and it was not barred.

### JUDICIAL NOTICE—ACTS OF STATE DEPARTMENT

█ Evidence of department records was proper and sufficient. The official records and acts of the Department of Mental Hygiene of the State of California were matters of which the court was entitled to take judicial notice. (Code Civ. Proc., § 1875, subd. 3; *Adoption of McDonnell*, 77 Cal. App.2d 805, 808 [1] [176 P.2d 778] (official files of State De-

partment of Social Welfare); *Chambers* v. *Ashley,* 33 Cal. App.2d 390, 391 [1] [91 P.2d 932] (city records of election); *People* v. *Cahan,* 141 Cal.App.2d 891, 899 [12] [297 P.2d 715] (Judicial Council); *Wilson* v. *Loew's Inc.,* 142 Cal.App. 2d 183, 188 [2] [298 P.2d 152] (proceedings of Committee on Un-American Activities); *Watson* v. *Los Altos School Dist.,* 149 Cal.App.2d 768, 772 [3] [308 P.2d 872] (county planning commission); *Southern Pacific Co.* v. *Lipman,* 148 Cal. 480, 491 [83 P. 445] (letter of land office commissioner); *Parker* v. *James Granger Inc.,* 4 Cal.2d 668, 677 [6] [52 P.2d 226] (Department of Commerce); *McPheeters* v. *Board of Medical Examiners,* 74 Cal.App.2d 46, 47 [1] [168 P.2d 65] (Board of Medical Examiners).)

The furnishing of the certified copies of the official record was the proper method of transmitting to the court the information on the matter of which the court was entitled to take judicial notice. (*Adoption of McDonnell, supra; McPheeters* v. *Board of Medical Examiners, supra.*)

FAILURE TO IMMEDIATELY ENFORCE OBLIGATION IS NOT WAIVER

██ Defendant did suggest during the trial that there might have been a waiver of payments during decedents' lifetime. He did not assert any affirmative information thereon. Although the cause had been at issue for some months, he did not subpoena anyone capable of testifying thereon. He does not even suggest that he so much as made a telephone inquiry of people who might know the facts. He filed no affidavit to support his request for a continuance. The court's refusal to order a continuance was proper.

Furthermore, even the nebulous suggestion by defendant of the possibility of waiver contained no facts upon which the court could have found that a waiver existed. ██ As was said by the Supreme Court in *Department of Mental Hygiene* v. *McGilvery, supra,* 752 [6]:

"Mere failure to enforce the obligation cannot be deemed to constitute such administrative action as would result in modifying, remitting or cancelling the obligation, constructively or otherwise. The only effect of such failure, insofar as the obligation to pay is concerned, is to make unenforceable those portions of the obligation which, in accordance with the applicable statute of limitations (citation), were outstanding for more than four years." (See also *Department of Mental Hygiene* v. *Mannina, supra,* 218 [2].)

In addition, the records of the department affirmatively

show that the patient was in the hospital being given support for all but three days of the years involved. There is no merit to defendant's suggestion raised for the first time in his closing brief that the record is not clear.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.