[Civ. No. 16.   Fifth Dist.   Dec. 14, 1961.]

DEPARTMENT OF MENTAL HYGIENE, Plaintiff and Appellant, v. ROY BROCK, as Administrator, etc., Defendant and Respondent.

Stanley Mosk, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Plaintiff and Appellant.

Cammie B. Hayden and John P. Hyland for Defendant and Respondent.

CONLEY, P. J.—The Department of Mental Hygiene of the State of California appeals from a judgment of dismissal after the sustaining of a demurrer to its first amended complaint. The department sued Roy Brock as the administrator

of the estate of Cornelius Irving Brock, deceased, for $5,115.14, alleging that such amount was due from decedent for the cost of the care, support and maintenance of his incompetent wife at Stockton State Hospital, and that the action was commenced within the time limited by section 353 of the Code of Civil Procedure.

The ground upon which the demurrer was sustained was that there was no allegation of the presentation of a claim for the amount in question as prescribed by the Probate Code, § 700 et seq., and that the suit was consequently barred.

The trial court's ruling was erroneous. ■■ It is the rule in this state that the sections of the Probate Code requiring the filing of claims do not refer to obligations imposed by law, such as taxes (*People* v. *Hochwender,* 20 Cal.2d 181 [124 P.2d 823]), alimony payments (*Millar* v. *Millar,* 51 Cal.App. 718, 728-729 [197 P. 811]), or tort claims not specifically included in the appropriate code sections (*Hardin* v. *Sin Claire,* 115 Cal. 460 [47 P. 363]; *Leverone* v. *Weakley,* 155 Cal. 395, 401 [101 P. 304]; *Mecum* v. *Ott,* 92 Cal.App.2d 735, 740 [207 P.2d 831]).

■ And it has recently been held in the case of *Department of Mental Hygiene* v. *Rosse,* 187 Cal.App.2d 283 [9 Cal. Rptr. 589] that as the liability of specified relatives of incompetent persons for the cost of their keep in state institutions (Welf. & Inst. Code, § 6650 et seq., div. 6, pt. 4, ch. 1, art. 5) is a statutory, and not a contractual, liability, the sections of the Probate Code relied on by respondent do not apply. In the opinion in that case at page 287 the court says:

"We are satisfied that the debt to the state is a statutory liability, [and] that no claim was required to be filed, . . ." (See also *County of Los Angeles* v. *Security First Nat. Bank,* 84 Cal.App.2d 575 [191 P.2d 78].)

The judgment is reversed with directions to the superior court to overrule the demurrer to the first amended complaint and to permit the service and filing of an answer within such time thereafter as the court may specify.

Brown, J., concurred.

Stone, J., being disqualified, did not participate.