[Crim. No. 1862. Fourth Dist. May 24, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOLEEN P. HAUGH et al., Defendants and Appellants.

Howard R. Harris for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—■ The defendants obtained money under the Aid to Needy Children program through false representations; on account thereof were charged and convicted of grand theft and conspirary to commit grand theft, i.e., violations of sections 484, 487.1 and 182 of the Penal Code; were granted probation; and appeal from the order granting such probation and from the judgment.

While the defendants although not married were living together as husband and wife, the latter received Aid to Needy Children payments in reliance upon her verified statement that she then had no unrelated adults living with her. Regulations of the State Social Welfare Board then in force directed that in computing the needs of a child the welfare department should consider the income of an adult person living in the child's home and assuming the role of spouse toward the child's mother although not married to her; and prescribed a standard of computation providing for a lesser payment than would have been made if such a person had not been living with the mother. The validity of these regulations has been settled. (*People* v. *Shirley*, 55 Cal.2d 521, 524 [11 Cal.Rptr. 537, 360 P.2d 33]; *People* v. *Bailey*, 55 Cal.2d 514 [11 Cal.Rptr. 543, 360 P.2d 39].) In the light thereof the materiality of the misrepresentations in the statement heretofore noted is apparent. (Generally see *People* v. *DeCasaus*, 194 Cal.App.2d 666, 673-674 [15 Cal.Rptr. 521].) The defendants contend, however, that their conviction is without support in the record because the regulations in question were not introduced in evidence; that they "are not entitled to judicial notice"; and the failure to place them in evidence "constituted a vital gap in the prosecution's case."

■ The defendants' contention has been decided adversely to their position in *Pearson* v. *State Social Welfare Board*, 54 Cal.2d 184, 210 [5 Cal.Rptr. 553, 353 P.2d 33] and *Bila* v. *Young*, 20 Cal.2d 865, 868 [129 P.2d 364], where it was held that the courts may take judicial notice of the records, rules and regulations of the State Social Welfare Board. (See also Code Civ. Proc., § 1875, subd. 3; *Contractor's etc. Assn.* v. *California Comp. Ins. Co.*, 48 Cal.2d 71, 75 [307 P.2d 626]; *Drillon* v. *Industrial Acc. Com.*, 17 Cal.2d 346, 352 [110 P.2d 64]; *Sentell* v. *Jacobsen*, 163 Cal.App.2d 748, 753 [329 P.2d 932]; *American Distilling Co.* v. *Johnson*, 132 Cal.App. 2d 73, 76 [281 P.2d 598].) Nevertheless, the defendants call attention to the provisions of sections 11383 and 11384 of the Government Code, which, by virtue of section 103.1 of the

Welfare and Institutions Code, control the action of the welfare board in adopting rules and regulations; claim that these provisions govern the matter of judicial notice respecting such rules and regulations; urge that the court in the aforesaid cases did not consider the effect of these code sections upon the issue at hand; argue that, for this reason, the aforesaid decisions should be disregarded; and contend, in substance, that the code sections in question require the admission into evidence of a certified copy of the subject regulations as a condition precedent to their consideration. This contention is based upon a misunderstanding of the statutory provisions relied upon. Section 11383 of the Government Code provides that the filing of "a certified copy of a regulation" with the Secretary of State raises a rebuttable presumption, among others, that it was duly adopted and the text thereof is the text of the regulation; and that "The courts shall take judicial notice of the contents of *the certified copy* of such regulation . . . *duly filed.*" (Italics ours.)   [3]   The defendants are of the belief that, under the code section in question, as a condition precedent to consideration of the regulations in question, the prosecution was required to produce and offer in evidence a copy thereof certified by the Secretary of State. Obviously, the subject statute did not require such; declares that the courts shall take judicial notice of the contents of the certified copy of the regulation that has been filed with the Secretary of State; and makes no reference to a certified copy of the certified copy so filed.   [4]   The courts also take judicial notice of the acts and records of the Secretary of State, and it is not necessary to submit proof that a document has been filed with him to establish such fact. (Code Civ. Proc., § 1875, subd. 3; see e.g., *Watson* v. *Los Altos School Dist.*, 149 Cal. App.2d 768, 772 [308 P.2d 872]; *Brownell* v. *City & County of San Francisco*, 126 Cal.App.2d 102, 108 [271 P.2d 974].)   [5]   Although it is both permissible and desirable that a court be furnished with a certified copy of a record or regulation of which it is asked to take judicial knowledge, to aid it in obtaining actual knowledge of the contents thereof (Code Civ. Proc.,§ 1875; *Department of Mental Hygiene* v. *Rosse,* 187 Cal.App.2d 283, 287 [9 Cal.Rptr. 589]; *Adoption of Mc-Donnell,* 77 Cal.App.2d 805, 808 [176 P.2d 778]; *McPheeters* v. *Board of Medical Examiners,* 74 Cal.App.2d 46, 47 [168 P.2d 65]), the failure to furnish such does not foreclose an exercise of the court's authority to take judicial notice of the record or regulation in question. (*Parker* v. *James Granger,*

*Inc.,* 4 Cal.2d 668, 677 [52 P.2d 226].) There is no contention herein that the subject regulations have not been adopted by the State Department of Social Welfare, or that certified copies thereof have not been filed with the Secretary of State.[1]

██ The provisions of section 11384 of the Government Code merely provide that the courts shall take judicial notice of the contents of a regulation printed in the California Administrative Code or California Administrative Register; do not prescribe such publication as a condition precedent to judicial notice; and do not purport to limit the authority of the courts conferred by section 1875, subdivision 3 of the Code of Civil Procedure or section 11383 of the Government Code which authorize them to take judicial notice of the regulations of a state board.

The trial court properly took judicial notice of the instant regulations; its action in doing so was not error; and the facts supplied thereby fill the "gap" about which the defendants complain.

Our conclusion as stated renders unnecessary a consideration of other points raised by the prosecution in support of the judgment.

The judgment and order are affirmed.

Griffin, P. J., and Brown (G.), J., concurred.

---

[1]The People, in their reply brief, advised this court that certified copies of the regulations in question had been filed with the Secretary of State. The defendants do not contradict this advice, but content themselves with saying that they do not know whether such copies have or have not been filed as stated.