[Civ. No. 21264. First Dist., Div. Three. July 23, 1964.]

Guardianship of the Person and Estate of BERTHA M. HICKS, an Incompetent Person. DEPARTMENT OF MENTAL HYGIENE, Petitioner and Appellant, v. MARGUERITE B. SCHUMPERT, as Guardian, etc., Objector and Respondent.

Stanley Mosk, Attorney General, and Wayman M. Robertson, Jr., Deputy Attorney General, for Petitioner and Appellant.

Joseph M. Paper for Objector and Respondent.

DEVINE, J.—This is an appeal from that portion of an order in guardianship proceedings which denies an equitable lien on the property of Bertha M. Hicks, an incompetent person, for the entire amount of charges made for her care at Agnews State Hospital.

The petition of the Department of Mental Hygiene to the superior court prayed that the court allow the claim of the department in the sum of $4,343.80, and the further sum of $237 per month commencing February 1, 1962; that if there were not sufficient cash in the estate with which to make the payment, the court impose an equitable lien to secure the sum of $4,343.80, and such other sums as may become due, on certain real property in San Francisco. Following a brief hearing, the court directed the guardian to pay to the Department of Mental Hygiene $100 per month for the support of the incompetent, and ordered that said payment be secured by a lien on the real property. The department does not seek to exact payment in excess of $100 per month, but contends that it is entitled to an equitable lien to secure the balance of its charges.

Section 6650 of the Welfare and Institutions Code pro-

vides, in part, that the estate of a mentally ill person shall be liable for the care, support, and maintenance of such person in a state institution of which he is an inmate. Section 6651 provides, in part, that the rate for the care, support, and maintenance of all mentally ill persons at state hospitals for the mentally ill shall be reviewed each fiscal year and fixed at the statewide average per capita cost of maintaining patients in all state hospitals, as determined by the Director of Mental Hygiene; and that the director may reduce, cancel, or remit the amount to be paid by the estate of a mentally ill person who is a patient of a state hospital for the mentally ill, on satisfactory proof that the estate is unable to pay the cost of such care, support, and maintenance or that the amount is uncollectible. Section 6655 provides, in part, that if any person committed to a state mental hospital has sufficient estate for the purpose, the guardian of his estate shall pay for his care, support, maintenance and necessary expenses at the mental hospital to the extent of the estate; that on the filing of a petition by the department in the court where the guardianship proceedings are pending, showing that the guardian has failed to pay for such care, support, maintenance, and expenses, the court, by order, shall direct the payment by the guardian; that if there is not sufficient money on hand in the estate to pay the claim of a state mental hospital for the care, support, maintenance, and expenses of the committed person, the court may, on petition of the guardian or of the department, order the guardian to sell so much of the property of the committed person as is necessary to pay for the care, support, maintenance, and expenses of the person at the mental hospital; and that payment for the care, support, maintenance, and expenses of a person at a state hospital shall not be exacted if there is a likelihood of the patient's recovery or release from the hospital and payment will reduce his estate to such an extent that he is likely to become a burden on the community in the event of his discharge from the hospital.

The court made a finding that there is a likelihood that the incompetent would become a burden on the community in the event of her discharge from Agnews State Hospital. The court did not, however, make a finding that there is a likelihood of the patient's recovery or release from the hospital. This, of course, is not of importance under the present state of the appeal, because appellant conceded at oral argument (and perhaps concedes, though not so clearly, in its briefs)

that it seeks no revision presently of the limitation of *payment* of $100 per month, and confines its appeal solely to the limitation of the *lien* to that sum.

■ The liability of the estate of the incompetent for the charges made for her care at the state hospital is a statutory one and is unconditional. (*Estate of Mims,* 202 Cal.App.2d 332, 344 [20 Cal.Rptr. 667]; *Department of Mental Hygiene* v. *Mannina,* 168 Cal.App.2d 215, 217 [335 P.2d 694, 337 P.2d 219]; *Estate of Setzer,* 192 Cal.App.2d 634, 637-638 [13 Cal. Rptr. 683]; *Department of Mental Hygiene* v. *McGilvery,* 50 Cal.2d 742, 749-751 [329 P.2d 689].) When the Supreme Court, in *Department of Mental Hygiene* v. *Kirchner,* 60 Cal.2d 716 [36 Cal.Rptr. 488, 388 P.2d 720], decided that the statutes imposing liability for cost of care of an incompetent upon certain relatives are unconstitutional, it made a distinction, as it had in *Department of Mental Hygiene* v. *Hawley,* 59 Cal.2d 247 [28 Cal.Rptr. 718, 379 P.2d 22], of the liability of relatives from liability of the estate, and did not overrule the *McGilvery* case insofar as the latter held the estate liability to be unconditional (pp. 719-720).

■ Therefore, we find no basis for denial of the lien. ■ As was said in *Department of Mental Hygiene* v. *Mannina, supra,* at page 219: "There is no reason in law or logic why the appellant should not be reimbursed to the extent of the decedent's estate for a balance incurred for her care by the appellant, and which could not be legally collected in her lifetime from her estate only because to do so would make it likely that if discharged she would become a burden on the community." The trial court, by reducing the amount of *payments,* has protected the incompetent during her lifetime, or at least until further order of the court, and there is no reason, on the other hand, why the state should not be protected as to the additional amount charged, by imposition of a lien. (*Estate of Setzer, supra,* at pp. 642-643.) ■ The lien will protect the state against claims of waiver and possible problems with the statutes of limitations. (*Department of Mental Hygiene* v. *Rosse,* 187 Cal.App.2d 283 [9 Cal.Rptr. 589].)

■ Equitable liens such as the one asked for here are looked upon with favor. In fact, it has been said that in this type of case the act of providing care for the incompetent creates the lien, and the order of the court merely declares it as a matter of record. (*Estate of Mims, supra,* at p. 345.)

We note a distinction between the *Mannina* case and the

one before us. Marian Mannina was dead at the time the department commenced the proceeding, and her death had removed the possibility that she would become a burden on the community (168 Cal.App.2d at p. 219). In the case before us, the incompetent person, although she was 73 years of age at the time of the hearing, may recover and be discharged from the hospital. (There is virtually a complete lack of evidence on this subject.) If this happens, and if it becomes necessary for her support that the property be sold, will the equitable lien prevent this? It is sufficient answer to this question to say that the lien is not the immediate creature of any statute (*Estate of Mims, supra,* at p. 342), but is the product of equity and is subject to equitable disposition in event of the patient's recovery and discharge.

 In the hearing in the superior court, the department did not produce evidence as to the amount of its charges for care, support, and maintenance of the incompetent, and this fact was noted by the judge in his findings of fact. There had, however, been reference to the amount in statements of counsel for the department. The department asked us to remedy the technical deficiency by taking judicial notice of the charges by reference to documents showing them, which have been attached to the opening brief. These are matters of which the court is entitled to take judicial notice (*Department of Mental Hygiene* v. *Rosse, supra,* at p. 287), and we think it appropriate for this court to take such notice.

Order is affirmed insofar as it holds that the Department of Mental Hygiene is entitled to payments of $100 per month. Order is reversed insofar as it denies an equitable lien to the Department of Mental Hygiene in excess of $100 per month, and the superior court is directed to allow an equitable lien against such property in the amount of $4,343.80, and in such additional sum as shall represent further charges of the department which accrue since February 1, 1962. Each party to bear own costs on appeal.

Draper, P. J., and Salsman, J., concurred.